### GERT RANDELL v. THE STATE.

#### No. 1231.    Decided May 31, 1911.

**1.—Theft—Complaint—Information—Variance.**

Where there was a variance as to the description of the alleged property between the complaint and information, and the evidence did not support the description in the information, the conviction could not be sustained.

**2.—Same—Affidavit—Complaint—Consent.**

Where the complaint did not charge that the alleged property was taken without the consent of the alleged owner, the same was bad.

Appeal from the County Court of Gregg.    Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

*E. M. Bramlette,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—By complaint appellant was charged with stealing "two pairs of silk hose of the value of $3.50, four pairs of gloves of the value of $6, and one pair of leggings of the value of fifty cents," the same being the property of T. D. Coupland. The information charged that appellant stole from T. D. Coupland "one fascinator of the value of $1 and one pair of hose of the value of twenty-five cents." On a trial appellant was convicted, and his punishment assessed at a fine of $100 and thirty days imprisonment in the county jail.

The testimony by the State may tend to show that the appellant may have stolen the goods charged in the *complaint,* but there is no evidence in the record tending to show that he stole the articles described in the *information.*

There are many questions raised by the appellant, but it is unnecessary to decide any of them except where he claims "the verdict of the jury is contrary to the law and the evidence, and the verdict is wholly unsupported by the evidence, and if any goods were taken from T. D. Coupland, as alleged in the information herein, there is no evidence tending to show that defendant ever had any connection with those identical goods."

The appellant's contention about the verdict of the jury and the goods charged to have been stolen in the information is correct. Appellant can not be charged by information to have stolen one thing and the evidence show he may have stolen some other entirely distinct and different thing, and the conviction stand. Besides this, the complaint does not charge that the property was taken without the consent of the alleged owner. This may be a clerical error in copying.

The judgment is reversed and the cause is remanded, so that the county attorney can file a new information if he desires to do so, and the complaint will sustain it.

*Reversed and remanded.*